IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sarbjot Singh, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 23-cv-3920 |
| v. | ) |
| | ) Judge Joan B. Gottschall |
| Merrick B. Garland, United States | ) |
| Attorney General, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Sarbjot Singh, a native and citizen of India, filed this lawsuit against the Attorney General and other federal officials seeking judicial review of the decision dated January 26, 2023, of the U.S. Citizenship and Immigration Services' ("USCIS") Administrative Appeals Office ("AAO decision"). *See* Am. Compl. 1, ECF No. 3; AAO Decision, ECF No. 1-2. The court has before it defendants' motion to dismiss Singh's complaint for lack of subject matter jurisdiction and, alternatively, for failure to state a claim on the merits. ECF No. 19; *see* Fed. R. Civ. P. 12(b)(1) and (6).

### Background

In his briefing, Singh represents that he immigrated to the United States in 2010. Resp. to Mot. to Dismiss 2, ECF No. 22. He married S.D., a U.S. citizen, in 2016. *Id.* at 2–3; AAO Decision 3.

This litigation concerns Singh's efforts to adjust his immigration status to lawful permanent resident (LPR). To that end, Singh filed two forms with the USCIS In 2018. *See* AAO Decision 1–2. The first was a Form I–360 (known formally as a "Petition for Amerasian, Widow(er) or Special Immigrant"), asking the USCIS to classify him as an abused spouse under the Violence Against Women Act ("VAWA"). 8 U.S.C. § 1154(a)(1)(A)(iii)(I); *See* USCIS Vermont Service Center decision dated June 25, 2021 at 2, ECF 1-2; *Joseph v. Lynch*, 793 F.3d 739, 741 (7th Cir. 2015). Singh simultaneously filed a Form I-485 application to adjust his status

to LPR; that application was contingent upon his being classified as an abused spouse under VAWA. *See* 8 U.S.C. §§ 1255(a), 1151(b)(2)(A)(i), 1154(a).

To obtain the relief he sought under the VAWA, Singh had to demonstrate, among other things, that his "marriage or the intent to marry the United States citizen was entered into in good faith" and that during the marriage he had been "battered or [had] been the subject of extreme cruelty" perpetrated by his spouse. 8 U.S.C. § 1154(a)(1)(A)(iii)(I)(aa)–(bb); *see also* 8 C.F.R. § 204.2(c) (regulation listing requirements for VAWA petitions). After requesting additional evidence from Singh, the USCIS determined that he "[had] not provided consistent and credible information regarding his shared residence with S.D." AAO Decision 3. The USCIS denied Singh's application for VAWA status on that ground. *Id.* Singh appealed to the USCIS AAO to no avail. *Id.*

Proceeding under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–06, Singh alleges in his amended complaint (which he styles as an "amended petition") that the USCIS's decision was arbitrary, capricious, and contrary to law. *See* Compl. 1; 5 U.S.C. § 706(2)(A). Elaborating in response to defendants' motion to dismiss, he contends that the USCIS's "legal conclusion that [his] evidence contained contradictions" was "arbitrary, capricious, and contrary to the law." Resp. to Mot. to Dismiss ¶ 9. It is not entirely clear whether Singh challenges only the USCIS's denial of his I-360 application or whether he also seeks review of the denial of his I-485 petition to adjust his status to LPR. The court therefore considers both possibilities.

## Analysis

Defendants argue (*see* Mem. Supp. Mot. to Dismiss 5–10, ECF No. 20) that Congress deprived this court of subject matter jurisdiction over Singh's amended complaint in 8 U.S.C. § 1252(a)(2)(B):

> Notwithstanding any other provision of law . . . no court shall have jurisdiction to review--
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or

2

>    (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter[1] to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B).

These jurisdiction-stripping provisions do not preclude "review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." *Id.* § 1252(a)(2)(D). The Seventh Circuit construed the foregoing jurisdiction-stripping provisions in *Britkovyy v. Mayorkas*, 60 F.4th 1024 (7th Cir. 2023). Like Singh, the plaintiff in *Britkovyy* filed a complaint in federal court seeking judicial review of a USCIS decision denying his application to adjust his status to LPR. *Id.* at 1026.

Although the *Britkovyy* plaintiff did not seek to adjust status under the VAWA, the Seventh Circuit framed the question before it broadly and in terms that encompass Singh's claim: "whether § 1252(a)(2)(B)(i) precludes judicial review of adjustment-of-status denials by USCIS." *Id.* at 1027. Bottom line, the Seventh Circuit answered yes. *Id.* at 1132. Based in part on *Patel v. Garland*, 596 U.S. 328 (2022), the *Britkovyy* court concluded that "[t]he plain text of 8 U.S.C. § 1252(a)(2)(B)(i) strips [a district court] of jurisdiction to review USCIS's denial of an adjustment-of-status application." *Id.* at 1032. The *Britkovy* court made clear that its holding applies to all USCIS adjustment of status decisions made by the USCIS under the authority granted by 8 U.S.C. § 1255. *See id.* at 1028.

The USCIS's authority to adjudicate Singh's Form I-485 application to adjust status flows from 8 U.S.C. § 1255(a), the section of the United States Code that is the subject of *Britkovyy*'s holding. Singh acknowledges as much in his response brief, citing § 1255 repeatedly. *See* Resp. to Mot. to Dismiss 12. Accordingly, under *Britkovyy,* § 1252(a)(2)(B)(i) strips this court of jurisdiction to review the USCIS's decision not to adjust Singh's status to LPR. *See also Velancous Serpa v. Garland*, 2022 WL 5101939, at *1 (5th Cir. Oct. 4, 2022) (*per curiam*).

---

[1] "This subchapter" encompasses the VAWA provisions at issue in this case; the reference is to Title 8, United States Code, Chapter 12, Subchapter II, codified at 8 U.S.C. §§ 1151–1382.

The court next considers Singh's claim for judicial review of the USCIS's denial of his VAWA reclassification application (Form I-360). To repeat, Congress has stripped this court of jurisdiction to review a decision "the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). In *Kucana v. Holder*, the Supreme Court held, "Read harmoniously, both clauses [of § 1252(a)(2)(B)] convey that Congress barred court review of discretionary decisions only when Congress itself set out the Attorney General's discretionary authority in the statute." 558 U.S. 233, 247 (2010) (citation omitted). The statute under which the USCIS denied Singh's Form I-360 application provides: "In acting on [VAWA] petitions . . . the Attorney General shall consider any credible evidence relevant to the petition. The determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney General." 8 U.S.C. § 1154(a)(1)(J).

Before analyzing the statute, the court rejects Singh's efforts to characterize his claim as one for review of legal errors. *See, e.g.,* Resp. to Mot. to Dismiss 3–5, 10–12. The written decisions attached to Singh's complaint confirm that the USCIS weighed documentary evidence, drew inferences, and made credibility determinations to find as a factual matter that Singh had not, as he claimed, resided with his citizen spouse during the relevant time period. *See* AAO Decision 2–4. Where, as here, the plaintiff argues that he is seeking review of non-discretionary legal errors, the substance of the decision under review determines whether § 1252(a)(2)(B) applies. *See E.F.L. v. Prim*, 986 F.3d 959, 965 (7th Cir. 2021). Before this court, Singh repeatedly claims that legal error occurred, but he cites no legal authority compelling the USCIS to weigh the evidence presented to it in a particular way. *See, e.g.,* Resp. to Mot. to Dismiss 3–4. Rather, Singh takes issue with the USCIS's decision to discredit certain evidence, such as a prior application made by S.D., the testimony of third-party witnesses, and certain documentary evidence. *See id.* at 3–4, 5, 10–12. In substance, Singh's arguments challenge the weight and credibility determinations made by the USCIS under § 1154(a)(1)(J).

4

The court therefore asks: Did Congress set out the Attorney General's discretionary authority in § 1154(a)(1)(J) to make the factual determinations Singh challenges? *See Kucana*, 558 U.S. at 247. Singh cites no case construing § 1154(a)(1)(J). Defendants cite one such case, *Redzic v. Johnson*, 2016 WL 278916, (N.D. Ill. Jan. 22, 2016). *Redzic* holds that a USCIS decision on whether a VAWA applicant experienced mental cruelty under § 1154(a)(1)(J) is discretionary and nonreviewable under § 1252(a)(2)(B)(i). *Id.* at *1 (discussing *Stepanovic v. Filip*, 554 F.3d 673, 680 (7th Cir. 2009)). The *Redzic* court applied the following test: a discretionary determination is one involving "a 'judgment call' by the agency, or for which there is 'no algorithm' on which review may be based." *Stepanovic*, 554 F.3d at 679 (quoting *Perales-Cumpean v. Gonzales*, 429 F.3d 977, 982 (10th Cir. 2005)).

Singh observes that the *Redzic* court did not decide the precise question presented here because mental cruelty is not at issue. *See* Resp. to Mot. to Dismiss 10–12. Singh is correct, but he does not explain why the distinction he draws compels a different legal result. *See id.* To decide whether the USCIS decision to be reviewed is discretionary, this court must apply the Seventh Circuit's test from *Stepanovic*. To satisfy that test, Singh must identify a legally prescribed standard, or "algorithm," the USCIS allegedly had to follow when weighing the evidence presented to it concerning whether he resided with his spouse. *See* Resp. to Mot. to Dismiss 10–12. He has not done so. In the absence of an identified legal standard or "algorithm" to apply, the USCIS "must determine the facts of a particular case [and] make a judgment call as to whether those facts" prove that an applicant resided with his spouse at the appropriate time. *Stepanovic*, 554 F.3d at 680. Under *Stepanovic*, then, the USCIS decision Singh challenges is discretionary and nonreviewable under § 1252(a)(2)(B)(ii). *See id.*; *Odusami v. USCIS*, 2024 WL 4002785, at *1–2 (D.N.J. July 26, 2024); *Egahi v. Garland*, 2023 WL 4490351, at *4–5 (D. Md. July 12, 2023); *see also Redzic*, 2016 WL 278916, at *2.

For the reasons stated, 8 U.S.C. § 1252(a)(2)(B) deprives this court of jurisdiction over Singh's claim. Defendants' motion to dismiss the amended complaint for lack of subject matter

jurisdiction is therefore granted. Because it lacks subject matter jurisdiction, the court does not reach defendants' merits arguments that the amended complaint fails to state a claim.

Dated September 27, 2024 /s/ Joan B. Gottschall
United States District Judge